1  Troy A. Schell, Esq. (SBN 208661)
   Bryan Wong, Esq. (SBN 205573)
2  3300 East Guasti Road, 3rd Floor
   Ontario, California 91761
3  Telephone:   (909) 235-4400
   Facsimile:   (909) 235-4419
4
   Attorneys for Plaintiff
5  Prime Healthcare Services – Shasta, LLC,
   d.b.a Shasta Regional Medical Center
6

7  PHILLIP A. TALBERT
   United States Attorney
8  PHILIP A. SCARBOROUGH
   JOSEPH B. FRUEH
9  Assistant United States Attorneys
   501 I Street, Suite 10-100
10 Sacramento, CA 95814
   E-mail:    philip.scarborough@usdoj.gov
11            joseph.frueh@usdoj.gov
   Telephone: (916) 554-2700
12 Facsimile:  (916) 554-2900

13 Attorneys for Defendant
   DONALD WRIGHT, M.D., M.P.H.
14 Secretary, Department of Health & Human Services

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – SHASTA LLC, a Delaware limited liability company doing business as Shasta Regional Medical Center,<br><br>Plaintiff,<br><br>v.<br><br>DONALD WRIGHT, M.D., M.P.H.,[1] in his official capacity as Secretary of the Department of Health and Human Services,<br><br>Defendant. | Case No. 2:17-cv-00431-TLN-KJN<br><br>**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

---

[1] By operation of Federal Rule of Civil Procedure 25(d), Secretary Wright is automatically substituted in lieu of his predecessor in office as the defendant in this action.

# STIPULATION AND PROPOSED PROTECTIVE ORDER

IT IS HEREBY STIPULATED, by and between Plaintiff Prime Healthcare Services – Shasta, LLC, and Defendant Donald Wright, M.D., M.P.H., through their undersigned counsel and subject to Court approval, that the following Protective Order shall govern the handling of confidential information contained in the Certified Administrative Record in this action (the "CAR").

## I. Purposes and Limitations

The CAR contains confidential and private information for which special protection is warranted to prohibit public disclosure and use for any purpose other than prosecuting and defending this action. Accordingly, the parties hereby stipulate and request that the Court enter the following Protective Order.

The parties acknowledge that this Protective Order does not confer blanket protections and that the protection it affords extends only to the information or items entitled to confidential treatment under applicable legal principles. The parties also acknowledge that the Protective Order does not entitle them to file confidential information under seal. Rather, the parties must seek permission from the Court and comply with Local Rule 141 and any applicable orders issued by the assigned District Judge and Magistrate Judge.

## II. Good Cause Statement

The CAR contains information that may be subject to limitations on disclosure under federal law, state law, and privileges or privacy rights concerning the disclosure of confidential personal and medical information. To protect this confidential and private information while ensuring that the parties have reasonable and necessary use of material relevant to this action, to address the handling of this information after resolution of this action, and to serve the ends of justice, the following Protective Order is warranted.

## III. Confidential Health Information

As noted, the CAR contains documents and information with individually identifiable health information, *i.e.*, health information that is connected to an individual's name, address, social security number, or other identifying number or label. Such information may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the HIPAA Privacy and Security Rule, 45 C.F.R. Parts 160, 162, 164, or the provisions of 42 U.S.C. § 1306. Defendant may provide the information to Plaintiff in an unredacted

form. The parties shall not file these documents or information, submit them to the Court, or reproduce their contents in any court filing unless the information is submitted for filing under seal or all information that would identify the person or persons who are the subject of the document or information has been removed or redacted.

**IV. Scope**

This Protective Order covers not only the CAR itself, but also (1) any information copied or extracted from the CAR, (2) copies, excerpts, summaries, or compilations of the CAR, (3) testimony, conversations, or presentations that might reveal the contents of the CAR.

**V. Duration**

After the final disposition of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect unless the parties otherwise agree in writing or the Court otherwise directs. Final disposition shall be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment after completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

**VI. Access to and Use of the Certified Administrative Record**

The parties may use the CAR only for prosecuting, defending, or attempting to settle this action. The CAR may be disclosed only to the persons and under the conditions described in this Protective Order. After final disposition of this action, any recipient of the CAR must comply with the provisions of Section XI, below. The CAR must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

**VII. Disclosure of the Certified Administrative Record**

Unless otherwise ordered by the Court or otherwise agreed in writing by the parties, the CAR may be disclosed only to:

(1) a party's counsel of record in this action, as well as employees of counsel of record to whom it is reasonably necessary to disclose the CAR to prosecute or defend this action;

(2) a party's officers, directors, and employees who have received a copy of this Protective Order and to whom it is reasonably necessary to disclose the CAR to prosecute or defend this action;

(3) a party's experts who have received a copy of this Protective Order and to whom it is reasonably necessary to disclose the CAR to prosecute or defend this action; and

(4) the Court and its personnel.

**VIII. Subpoenas or Orders for Producing the Certified Administrative Record**

If a party is served with a subpoena or court order issued in other litigation compelling disclosure of any information or material in the CAR, that party must:

(1) promptly notify in writing the other parties and provide a copy of the subpoena or court order;

(2) promptly notify in writing the person or entity causing the subpoena or other order to issue in the other litigation that some or all of the information or material sought by the subpoena or order is subject to this Protective Order, and include a copy of this Protective Order;

(3) cooperate with the other party in this action with respect to all reasonable procedures pursued, including refraining from disclosing information or material sought by the subpoena or order pending a court determination where the other party in this action has timely sought a protective order or moved to quash the subpoena, unless otherwise required by law or court order or authorized by the other party's express permission.

**IX. Unauthorized Disclosure of the Certified Administrative Record**

If a party learns that it has disclosed information or material from the CAR to any person or in any circumstance not authorized under this Order, that party must immediately:

(1) notify in writing the other party in this case of the unauthorized disclosure;

(2) use best efforts to retrieve all unauthorized copies of the information or material from the CAR;

(3) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order.

## X. Filing the Certified Administrative Record

A party that seeks to file information or material from the CAR under seal must comply with Local Rule 141 and any relevant orders of the assigned District Judge and Magistrate Judge. If a party intends to file information or material from the CAR, it must provide sufficient notice to the other party to allow that party to timely request to file the information or material at issue under seal.

## XI. Final Disposition

Within 60 days of the final disposition of this action, as defined in Section V, above, Plaintiff must return all copies of the CAR to Defendant or destroy such material. As used in this section, "copies" include all abstracts, compilations, summaries, and any other format reproducing or capturing any of the CAR. Whether the CAR is returned or destroyed, Plaintiff must submit a written certification to Defendant within 60 days of the final disposition of this action affirming that Plaintiff has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any portion of the CAR.

Notwithstanding the foregoing, counsel for the parties are entitled to retain an archival copy of all pleadings, motion papers, hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, even if such materials contain information or material from the CAR. Any such archival copies that contain information or material from the CAR remain subject to this Protective Order as set forth in Section V.

## XII. Disclosure to Agencies or Departments of the United States or the State of California

Nothing in this Order shall prevent or in any way limit or impair the right of the United States or the State of California to disclose to any agency or department of the United States or the State of California any information or material relating to any potential violation of law or regulation or relating to any matter within the agency's or department's jurisdiction. Nor shall anything in this Order prevent or in any way limit or impair the use of any information or material in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction.

**XIII.  Disclosure to the United States Congress**

Nothing in this Order shall prevent or in any way limit or impair the right of the United States to provide information or material to a Congressional entity.

**XIV.  Modification**

Nothing in this Order waives or otherwise affects the right of any person to seek its modification by the Court in the future.

Dated:  October 2, 2017

PHILLIP A. TALBERT
United States Attorney

By:  /s/ *Joseph B. Frueh*
JOSEPH B. FRUEH
PHILIP A. SCARBOROUGH
Assistant United States Attorneys

Attorneys for Defendant
DONALD WRIGHT, M.D., M.P.H.
Secretary, Department of Health & Human Services


**TROY A. SCHELL, ESQ.**
**BRYAN WONG, ESQ.**

By:  /s/ *Bryan Wong*   (authorized on 9/28/2017)
Bryan Wong, Esq.

Attorneys for Plaintiff
Prime Healthcare Services – Shasta, LLC

**IT IS SO ORDERED.**

Dated:  October 4, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE